**Order filed November 2, 2021**



In The

# Fourteenth Court of Appeals

_____

**NO. 14-21-00529-CR**
**NO. 14-21-00530-CR**

_____

## EX PARTE AMY AMANDA REGALADO

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause Nos. 21-DCR-096266 & 21-DCR-096265**

## ORDER

In each of these cases, appellant is appealing the denial of an application for a writ of habeas corpus. On September 28, 2021, the trial court clerk filed the clerk's record in each of these cases. The records do not contain a certification of appellant's right to appeal. *See* Tex. R. App. P. 25.2(a)(2), 34.5(a)(12); *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. Tex. R. App. P. 25.2(d); *Dears*, 154 S.W.3d at 613. Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure instructs the trial

court to enter a certificate of the defendant's right of appeal each time it enters a judgment of guilt *or other appealable order*. Tex. R. App. P. 25.2(a)(2) (emphasis added). This includes the entry of an order on a defendant's application for writ of habeas corpus. *See Ex parte Vazquez*, No. 3-19-00885-CR, 2019 WL 6972681 (Tex. App.—Austin Dec. 20, 2019, no pet.) (order).

For each case, we order the trial court to execute a certification of appellant's right to appeal and direct the trial court clerk to prepare and file a supplemental clerk's record containing the certification with this court on or before **December 2, 2021**. *See* Tex. R. App. P. 34.5(c)(2), 37.1, 44.4; *Vazquez*, 2019 WL 6972681 at *1.

PER CURIAM

Panel Consists of Justices Jewell, Bourliot and Poissant.